IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00214-MR

| | |
|---|---|
| DANTE MARSHALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| NORTH CAROLINA DEPARTMENT ) | |
| OF PUBLIC SAFETY, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Plaintiff is proceeding *in forma pauperis.* [Doc. 6].

**I.  BACKGROUND**

*Pro se* incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining about incidents that allegedly occurred at the Mountain View Correctional Institution (Mountain View CI). He names as Defendants: the North Carolina Department of Public Safety (NCDPS); and Tyler McKinney and Cody Hughes, who are both correctional officers.

Plaintiff alleges that, on November 21, 2018, Defendants Hughes and McKinney "physically, verbally, and mentally abused [him]" by pushing him around, roughhousing, and calling him names, including racial slurs. [Doc.

1 at 5]. He further alleges that both Defendants "intentionally got rid of" Plaintiff's personal property, including hygiene items, irreplaceable personal items, and religious items. Plaintiff alleges that he was placed in segregation following the incident. Plaintiff alleges that he then wrote a grievance and filed this lawsuit, which resulted in Defendants attempting to press criminal charges and "prolong [his] time." [Doc. 1 at 6]. Plaintiff further alleges that Defendants falsely tried to label him as a rapist and informant to "incite violence" against him by other inmates, which has led to physical altercations with other inmates. [Doc. 1 at 6-7].

Plaintiff did not sustain any physical injury but alleges that he sees a psychiatrist monthly because he is worried about the potential charges and the possibility of future inmate attacks.

Plaintiff seeks nominal, punitive, and compensatory damages.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. §

2

1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

Here, Plaintiff attempts to assert claims against NCDPS under § 1983. The Eleventh Amendment bars suits directly against a state or its agencies, unless the state has waived its immunity or Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity.

3

Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). Congress has not imposed § 1983 liability upon states, and the state of North Carolina has done nothing to waive its immunity. Bright v. McClure, 865 F.2d 623, 626 (4th Cir. 1989) (citing McConnell v. Adams, 829 F.2d 1319, 1328 (4th Cir. 1987)). As such, Plaintiff's claims against NDCPS are barred, and they will be dismissed with prejudice.

The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain on prisoners. Hill v. Crum, 727 F.3d 312, 317 (4th Cir. 2013). A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be objectively "sufficiently serious," Wilson v. Seiter, 501 U.S. 294, 298 (1991), resulting in the denial of "the minimal civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The second requirement is that a prison official must have a "sufficiently culpable state of mind." Wilson, 501 U.S. at 297, 302-03; see Hudson v. McMillian, 503 U.S. 1, 5, 8 (1992).

For excessive force claims, the objective component asks whether the force applied was sufficiently serious to establish a cause of action. Brooks v. Johnson, 924 F.3d 104, 112 (4th Cir. 2019). The subjective component "ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very

4
Case 3:20-cv-00214-MR   Document 9   Filed 11/12/20   Page 4 of 11

purpose of causing harm." Id. at 112-13.  However, "[v]erbal abuse alone does not violate a constitutional right." Moody v. Grove, 885 F.2d 865 (4th Cir. 1989) (unpublished) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)).  Prison officials also have a duty "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quoting Cortes-Quinoes v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)).

Plaintiff's allegations of roughhousing and insulting language, while offensive, are not objectively sufficiently serious to implicate the Eighth Amendment.  However, liberally construing the Complaint, Plaintiff has sufficiently alleged that Defendants deliberately exposed him to a substantial risk of attack by other inmates – which has come to pass – by spreading false rumors that he is a rapist and informant.  This plausible Eighth Amendment claim will be permitted to proceed.

The Fourteenth Amendment's Due Process Clause provides that no person shall be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend XIV.  The first inquiry in any due process challenge is whether the plaintiff has been deprived of a protected interest in property or liberty that was accomplished by state action. Tigrett v. The Rector and Visitors of the Univ. of Va., 290 F.3d 620, 628 (4th Cir. 2002); Stone v. Univ.

of Md. Med. Sys. Corp., 855 F.2d 167, 172 (4th Cir. 1988). Where a state employee's random, unauthorized act deprives an individual of property, either negligently or intentionally, the individual is relegated to his state post-deprivation process, so long as the State provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986)). Under North Carolina law, an action for conversion will lie against a public official who wrongfully deprives an owner of his property by an unauthorized act. Gallimore v. Sink, 27 N.C.App. 65, 67, 218 S.E.2d 181, 182 (1975). North Carolina's post-deprivation remedies are adequate. See Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983) (due process satisfied where North Carolina tort law provides an adequate avenue for relief for state prisoner).

Plaintiff appears to allege that his property loss resulted from random, unauthorized action rather than an established state procedure. Adequate post-deprivation remedies exist for Plaintiff's alleged property loss, so there is no legal theory which would support this claim. See, e.g., Smith v. Ledford, 2006 WL 1431666 at *2 (W.D.N.C. May 22, 2006), aff'd, 203 F. App'x 484 (4th Cir. 2006) (dismissing plaintiff's claim that jail administrator confiscated his personal property upon his departure from the jail and refused to return

it, because plaintiff had an adequate post-deprivation remedy for conversion). Therefore, Plaintiff's claim that Defendants disposed of his personal property will be dismissed.

The First Amendment right to free speech "includes not only the affirmative right to speak, but also the right to be free from retaliation by a public official for exercising that right." Suarez Corp. v. McGraw, 202 F.3d 676 (4th Cir. 2000). Prison officials may not retaliate against an inmate for exercising a constitutional right. See Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir.1978). In order to state a colorable retaliation claim under § 1983, a plaintiff must allege: "(1) []he engaged in protected First Amendment activity, (2) the defendant[] took some action that adversely affected [his] First Amendment rights, and (3) there was a causal relationship between [his] protected activity and the defendant['s] conduct." Martin v. Duffy, 858 F.3d 239, 249 (4th Cir. 2017) (quoting Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 499 (4th Cir. 2005)). In the prison context, such claims are treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).

Plaintiff appears to allege that he incurred prison disciplinary sanctions as a result of his own actions. This claim appears to be barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983</u>. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 485-87 (footnotes omitted; emphasis added). In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended the Heck rule to claims alleging constitutional deficiencies in prison disciplinary proceedings that have resulted in the loss of good time credits.

Plaintiff appears to allege that he received disciplinary sanctions, including segregation, as a result of the incident at issue. Success on the

merit of such a claim would necessarily imply the invalidity of his disciplinary conviction. See, e.g., Pierce v. Freeman, 121 F.3d 699 (4th Cir. 1997) (prisoner's claims that he was not allowed to present witnesses in his defense at the disciplinary hearing and that his decision-maker was acting in a biased and retaliatory manner are "of the sort that, if proven, would imply the invalidity of the prisoner's deprivation and are consequently barred under the rule announced in Heck."). Plaintiff has not alleged that the disciplinary conviction has been reversed or otherwise invalidated. Therefore, this claim appears to be barred by Heck and it is dismissed without prejudice.

Plaintiff further appears to allege that Defendants retaliated against him by initiating a criminal prosecution. To the extent that Plaintiff is asking the Court to intercede into pending state court proceedings, the Court declines to do so. In Younger v. Harris, 401 U.S. 37 (1971), the United States Supreme Court held that abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). Plaintiff will have the opportunity to raise any allegations of wrongdoing in the criminal proceedings. Therefore, to the extent that Plaintiff is seeking relief with

9

Case 3:20-cv-00214-MR   Document 9   Filed 11/12/20   Page 9 of 11

regards to a pending criminal prosecution, it appears that <u>Younger</u> abstention applies. Accordingly, this claim is dismissed without prejudice.

## IV. CONCLUSION

In sum, Plaintiff has stated an Eighth Amendment claim against Defendants McKinney and Hughes for inciting attacks by other inmates. The Court will dismiss Defendant NCDPS with prejudice and the remaining claims are dismissed without prejudice.

This Court's Local Rule 4.3 sets forth the procedure to waive service of process for current or former employees of NCDPS in actions filed by North Carolina State prisoners. In light of the Court's determination that this case passes initial review, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants McKinney and Hughes, who are alleged to be current or former employees of NCDPS.

**IT IS, THEREFORE, ORDERED** that Plaintiff's claims against the North Carolina Department of Public Safety are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's § 1983 claims against Defendants McKinney and Hughes for violation of his Eighth Amendment rights by inciting attacks by other inmates have passed initial review. The

Clerk of Court is respectfully directed to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants McKinney and Hughes, who are alleged to be current or former employees of NCDPS.

**IT IS FURTHER ORDERED** that the other claims asserted by Plaintiff against Defendants McKinney and Hughes are **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court is respectfully directed to mail Plaintiff an Opt-In/Opt-Out form pursuant to the Standing Order in Misc. Case No. 3:19-mc-00060-FDW.

**IT IS SO ORDERED.**

Signed: November 11, 2020

Martin Reidinger
Chief United States District Judge