# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:20-cv-00214-MR

| | |
|---|---|
| **DANTE MARSHALL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **NORTH CAROLINA DEPARTMENT** ) | |
| **OF PUBLIC SAFETY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendants' Motion for Order to Show Cause [Doc. 21] and the Defendants' filing of a Motion to Dismiss [Doc. 18].

The *pro se* Plaintiff filed this action pursuant to 42 U.S.C. § 1983 while he was incarcerated at the Warren Correctional Institution. [Doc. 1]. The North Carolina Department of Public Safety's website indicates that the Plaintiff has been released from custody; however, he has not changed his address with the Court.[1] The Defendants ask that the Plaintiff be ordered to advise whether he intends to continue prosecuting this matter.

---

[1] See https://webapps.doc.state.nc.us/opi/offendersearch.do?method=view; Fed. R. Evid. 201 (addressing judicial notice).

The Plaintiff was notified upon commencing this action that it is "Plaintiff's responsibility to keep the Court advised of his/her current address at all times" because "[t]he Court does not know if the Plaintiff is transferred, released, or placed on probation, etc., unless a Notice of Change of Address is filed." [Doc. 3 at 2]. The Plaintiff was cautioned that, "[i]f Plaintiff's address changes and no Notice [of Change of Address] is promptly filed with the Clerk of Court, this case may be dismissed for lack of prosecution." [Id.].

The Defendants' Motion is granted. Plaintiff shall, within **ten (10) days** of this Order, update his address of record and inform the Court whether he intends to proceed with this action. Failure to comply with this Order will result in dismissal of this action without prejudice and this case's closure without further notice.

The Defendants have also filed a Motion to Dismiss. [Doc. 18]. In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding *pro se*, that he has a right to respond to Defendant's motion.² The Court also advises Plaintiff that, should

---

² The Fourth Circuit did not hold in Roseboro that such notice is required for motions to dismiss. Rather, the Fourth Circuit's discussion in Roseboro regarding notice was directed to summary judgment motions. See Roseboro, 528 F.2d at 310 ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."); see also Norman v. Taylor, 25 F.3d 1259, 1261 (4th Cir. 1994) ("In Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), this circuit held that *pro se* plaintiffs

he choose to continue prosecuting this case, the failure to respond to the Motion to Dismiss may result in Defendants being granted the relief Defendants seek.

**IT IS, THEREFORE, ORDERED** that Defendants' Motion for Order to Show Cause [Doc. 21] is **GRANTED**. The Plaintiff **shall have ten (10) days from the date of this Order** in which to update his address of record and inform the Court whether he intends to proceed with this action. If Plaintiff fails to do so, this case will be dismissed without prejudice and closed without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that should the Plaintiff choose to continue prosecuting this matter, he shall respond to the pending Motion to Dismiss, [Doc. 18], within **thirty (30) days** of entry of this Order. Failure to file a timely response will likely lead to the granting of relief that Defendant seeks.

**IT IS SO ORDERED.** Signed: March 16, 2021

Martin Reidinger
Chief United States District Judge

---

must be advised that their failure to file responsive material when a defendant moves for summary judgment may well result in entry of summary judgment against them."), *abrogated on other grounds by* Wilkins v. Gaddy, 559 U.S. 34 (2010). Nevertheless, courts routinely issue Roseboro notices for motions to dismiss, and the Court does so here.

3