IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00214-MR

| | |
|---|---|
| DANTE MARSHALL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NORTH CAROLINA DEPARTMENT )<br>OF PUBLIC SAFETY, et al., )<br>)<br>Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** comes before the Court on Defendants Cody Hughes and Tyler McKinney's Motion to Dismiss All Claims for Failure to Exhaust Administrative Remedies [Doc. 18].

## I. BACKGROUND

The Plaintiff, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred while he was incarcerated at the Mountain View Correctional Institution.[1] The Complaint passed initial review on claims that Defendants Tyler McKinney and Cody

---

[1] The Plaintiff filed the Complaint while he was incarcerated at the Warren Correctional Institution. He was subsequently released from the North Carolina Department of Public Safety and now resides in Jacksonville, Florida.

Hughes, who are both correctional officers, violated the Plaintiff's Eighth Amendment rights. [Doc. 9].

Defendants McKinney and Hughes have now filed a Motion to Dismiss All Claims for Failure to Exhaust Administrative Remedies. [Doc. 18]. The Court notified the Plaintiff of the opportunity to respond to Defendants' Motion and cautioned him that the failure to do so may result in the Defendants being granted the relief that they seek by way of the Motion to Dismiss. [Doc. 22]. The Plaintiff has not filed a Response, and the time to do so has expired. This matter is ripe for adjudication.

## II. DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing a § 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. PLRA's exhaustion requirement applies to all inmate suits about prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). There is "no question that exhaustion is mandatory under PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007)

2

Case 3:20-cv-00214-MR   Document 25   Filed 04/26/21   Page 2 of 5

(citing Porter, 534 U.S. at 524). The PLRA requires "proper" exhaustion, which means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). The exhaustion of administrative remedies must occur before a civil action is commenced. Porter, 534 U.S. at 516. A prisoner may not exhaust his administrative remedies during the pendency of a § 1983 action. Germain v. Shearin, 653 F. App'x 231, 234 (4th Cir. 2016); French v. Warden, 442 F. App'x 845, 846 (4th Cir. 2011).

NCDPS has established a three-step procedure governing submission and review of inmate grievances, which it refers to as the Administrative Remedies Procedure ("ARP"). N.C. Gen. Stat. § 148-11A; Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008); see Fed. R. Civ. P. 201 (addressing judicial notice). Under the ARP, an inmate must submit a grievance at step one and then may appeal an unfavorable decision from step one at steps two and three. Id. A decision at step three of the ARP exhausts the prisoner's remedies under the PLRA.

In the Complaint, the Plaintiff alleges that he filed a grievance concerning his claim for § 1983 relief. [Doc. 1 at 8]. In support of their Motion to Dismiss, the Defendants have submitted a copy of the Plaintiff's grievance,

3

dated January 2, 2020, pertaining to the incident involving Defendants McKinney and Hughes.[2] [Doc. 20-1 at 1]. The grievance was rejected because it was filed outside the 90-day time limit. [Doc. 20-1 at 2]. Therefore, it was not properly exhausted. See Woodford, 548 U.S. at 83-84 (filing an untimely or otherwise procedurally defective grievance or appeal is insufficient; proper exhaustion is required).

The Plaintiff has failed to respond to the Motion to Dismiss. As such, he does not dispute the authenticity of the grievance at issue, nor has he demonstrated that the ARP was unavailable.

For the reasons stated in the Defendants' Motion, the Court concludes that the Plaintiff failed to properly exhaust the available administrative remedies. Therefore, the Defendants' Motion to Dismiss is granted and this case will be closed.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendants Cody Hughes and Tyler McKinney's Motion to Dismiss All Claims for Failure to Exhaust

---

[2] In ruling on a motion to dismiss, a district court may consider documents attached to the complaint or the motion to dismiss without converting the motion to dismiss into a motion for summary judgment "so long as [the documents] are integral to the complaint and authentic." Philips v. Pitt County Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

Administrative Remedies [Doc. 18] is **GRANTED**, and this action is **DISMISSED**.

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED.**

Signed: April 26, 2021

Martin Reidinger
Chief United States District Judge